UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RITHWAN BADEL, | Civil No. 12-405 (ADM/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| INTEL CORPORATION, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.   BACKGROUND**

Plaintiff is attempting to sue the named Defendant, Intel Corporation, for allegedly developing and deploying various new technologies, which allegedly have been used for spying and other nefarious purposes. Plaintiff's complaint sets forth a bizarre collection of unfortunate delusions. These delusions are well illustrated by Plaintiff's description of some of the relief he is seeking in this case. He wants the Court to compel Defendant to

> "stop producing Harmful devices and software chips, which may contain Nuclear activities harmful to society and information Regarding the use of new technology (vision eye Camera's [sic]) also known as private surveillance endued in*The plaintiff's body, which led to multiple injuries."

(Complaint, [Docket No. 1], p. 6, ¶ 7.)

**II.    DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous.  28 U.S.C. § 1915(e)(2)(B)(I).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(I), "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely."  Denton, 504 U.S. at 33.  However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible."  Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous.  Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded wholly on delusions.  The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(I).

**III.    RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

**II.    DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous.  28 U.S.C. § 1915(e)(2)(B)(I).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(I), "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely."  Denton, 504 U.S. at 33.  However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible."  Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous.  Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded wholly on delusions.  The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(I).

**III.    RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.	This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

Dated:	February 24, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 9, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.